# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

JOHN STANA and RANDALL WAGNER, individually and on behalf of all others similarly situated,

        Plaintiffs,

        v.

SAS INSTITUTE INC., THE BOARD OF DIRECTORS OF SAS INSTITUTE INC., THE RETIREMENT COMMITTEE OF SAS INSTITUTE INC., and JOHN DOES 1-30,

        Defendants.

Case No. 5:24-CV-00105-D

---

## REPLY IN SUPPORT OF DEFENDANTS' <u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>

WOMBLE BOND DICKINSON (US) LLP

Pressly M. Millen (NC Bar No. 16178)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Phone: 1.919.755.2135
Fax: 1.919.755.6067
press.millen@wbd-us.com

MORGAN, LEWIS & BOCKIUS LLP

Deborah S. Davidson
Matthew A. Russell
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Phone: 1.312.324.1000
Fax: 1.312.324.1001
deborah.davidson@morganlewis.com
matthew.russell@morganlewis.com

Jared R. Killeen
2222 Market Street
Philadelphia, PA 19103
Phone: 1.215.963.5478
Fax: 1.215.963.5001
jared.killeen@morganlewis.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

|  |  |  | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | Allegations That Defendants Selected Underperforming Investments Do Not Support an Inference That the Fiduciary Process Was Flawed. | 2 |
| | | 1. The Court Cannot Infer Imprudence Based on Alleged Underperformance Alone. | 2 |
| | | 2. Allegations About the Plan's IPS Do Not Save Plaintiffs' Claims. | 4 |
| | | 3. Plaintiffs' Additional Performance Metrics Do Not Save Their Claims. | 5 |
| | | 4. The JPM TDFs and Investor Fund Did Not Perform Poorly by Plaintiffs' Own Standards. | 6 |
| | B. | Plaintiffs' Failure to Proffer Meaningful Benchmarks Mandates Dismissal. | 7 |
| | C. | Plaintiffs Do Not Have Standing to Challenge the Investor Fund. | 10 |
| III. | CONCLUSION | | 11 |

**Page(s)**

**Cases**

*Abel v. CMFG Life Ins. Co.*,
   No. 22-cv-449, 2024 WL 307489 (W.D. Wis. Jan. 26, 2024).....................................................7

*Albert v. Oshkosh Corp.*,
   47 F.4th 570 (7th Cir. 2022) ........................................................................................................8

*Anderson v. Intel Corp. Inv. Pol'y Comm.*,
   579 F. Supp. 3d 1133 (N.D. Cal. 2022) .......................................................................................3

*Anderson v. Intel Corp.*,
   No. 19-cv-04618-LHK, 2021 WL 229235 (N.D. Cal. Jan. 21, 2021) .......................................10

*Antoine v. Marsh & McLennan Cos., Inc.*,
   No. 22- cv-6637, 2023 WL 6386005 (S.D.N.Y. Sept. 30, 2023) .................................................3

*Baird v. Steel Dynamics, Inc.*,
   No. 23-cv-356, 2024 WL 3983741 (N.D. Ind. Aug. 29, 2024) ........................................3, 7, 10

*Beldock v. Microsoft Corp.*,
   No. 22-cv-1082, 2023 WL 3058016 (W.D. Wash. Apr. 24, 2023) .........................................3, 5

*Bracalente v. Cisco Sys., Inc.*,
   No. 22-cv-04417, 2024 WL 2274523 (N.D. Cal. May 20, 2024)...............................3, 5, 9, 10

*Bracalente v. Cisco Sys., Inc.*,
   No. 5:22-cv-04417, 2023 WL 5184138 (N.D. Cal. Aug. 11, 2023).........................................3, 5

*Copperstone v. TCSI Corp.*,
   No. 97-cv-3495, 1999 WL 33295869 (N.D. Cal. Jan. 19, 1999)..................................................6

*Davis v. Old Dominion Freight Line, Inc.*,
   No. 22-cv-990, 2023 WL 5751524 (M.D.N.C. Sept. 6, 2023) ...................................................10

*Davis v. Salesforce.com, Inc.*,
   No. 21-cv-15867, 2022 WL 1055557 (9th Cir. Apr. 8, 2022)......................................................8

*Dover v. Yanfeng US Auto. Interior Sys. I LLC*,
   563 F. Supp. 3d 678 (E.D. Mich. 2021)........................................................................................4

*Hall v. Capital One Fin. Corp.*,
   No. 22-cv-00857, 2023 WL 2333304 (E.D. Va. Mar. 1, 2023)...................................... *passim*

*Hughes v. Nw. Univ.*,
595 U.S. 170 (2022)...............................................................................................2

*Johnson v. Parker-Hannifin Corp.*,
No. 21-cv-00256, 2023 WL 8374525 (N.D. Ohio Dec. 4, 2023) ...............................................9

*Kendall v. Pharm. Prod. Dev., LLC*,
No. 20-cv-71, 2021 WL 1231415 (E.D.N.C. Mar. 31, 2021)....................................2, 7, 8, 9

*Leber v. Citigroup 401(k) Plan Inv Comm*,
323 F.R.D. 145 (S.D.N.Y. 2017) .........................................................................................11

*In re LinkedIn ERISA Litig.*,
No. 20-cv-05704, 2021 WL 5331448 (N.D. Cal. Nov. 16, 2021) ...............................................9

*Matney v. Barrick Gold of N. Am.*,
80 F.4th 1136 (10th Cir. 2023) ......................................................................................2, 8, 9

*Meiners v. Wells Fargo & Co.*,
898 F.3d 820 (8th Cir. 2018) ...................................................................................7, 8, 9, 10

*Miller v. Astellas US LLC*,
No. 20-cv-3882, 2021 WL 1387948 (N.D. Ill. Apr. 13, 2021)....................................................4

*Partida v. Schenker, Inc.*,
No. 22-cv-09192, 2024 WL 1354432 (N.D. Cal. Mar. 29, 2024) ........................................3, 9

*Phillips v. Cobham Advanced Elec. Sols.*,
No. 23-cv-03785, 2024 WL 3228097 (N.D. Cal. June 28, 2024)........................................3, 5

*Reetz v. Lowe's Cos.*,
No. 18-cv-75, 2019 WL 4233616 (W.D.N.C. Sept. 6, 2019)....................................................4

*Russell v. Illinois Tool Works, Inc.*,
No. 22-cv-2492, 2024 WL 2892837 (N.D. Ill. June 10, 2024)..................................................4

*Smith v. CommonSpirit Health*,
37 F.4th 1160 (6th Cir. 2022) ......................................................................................8, 9, 10

*Snyder v. UnitedHealth Grp., Inc.*,
No. 21-cv-1049, 2021 WL 5745852 (D. Minn. Dec. 2, 2021) (Opp. )......................................7

*Speaks v. U.S. Tobacco Coop., Inc.*,
486 F. Supp. 3d 974 (E.D.N.C. 2020)......................................................................................6

*In re Sutter Health ERISA Litigation*,
No. 20-cv-01007, 2023 WL 1868865 (E.D. Cal. Feb. 9, 2023) ...............................................3

*Thole v. U. S. Bank N. A.*,
590 U.S. 538 (2020)............................................................................................................10

*Thomson v. Caesars Holdings Inc.*,
661 F. Supp. 3d 1043 (D. Nev. 2023).................................................................................4

*Trauernicht v. Genworth Financial Inc.*,
No. 22-cv-532, 2023 WL 5961651 (E.D. Va. Sept. 13, 2023) ........................................4, 5, 8

*Tullgren v. Booz Allen Hamilton*,
No. 22-cv-00856, 2023 WL 2307615 (E.D. Va. Mar. 1, 2023)...................................... *passim*

**Statutes**

Employee Retirement Income Security Act ("ERISA")....................................................1, 2, 9, 10

## I.  INTRODUCTION

Plaintiffs claim Defendants breached ERISA's duty of prudence by offering the JPMorgan SmartRetirement Passive Blend Target Date Funds ("JPM TDFs") and the American Funds Fundamental Investor Fund ("Investor Fund") for the SAS Retirement Plan ("Plan") instead of a handful of other investments that allegedly generated better returns.  Defendants moved to dismiss the Amended Complaint because (1) allegations that a fiduciary could have selected a better performing investment do not permit the inference that the fiduciary breached her duty of prudence; and (2) Plaintiffs must allege underperformance against "meaningful benchmarks" with investment strategies and asset allocations similar to those of the challenged funds—which they do not do.  Plaintiffs have no answer for these defects.

**First,** Plaintiffs' narrow criticisms of the JPM TDFs' and Investor Fund's relative investment returns—without any other alleged indicia of imprudence—do not permit an inference that the Plan's fiduciary process was deficient, let alone a conclusion that no reasonable fiduciary would have offered the challenged funds.  As courts in this Circuit have held, "ERISA simply does not provide a cause of action for fiduciary breaches based solely on a fund participant's disappointment in the fund's performance."  *Hall v. Capital One Fin. Corp.*, No: 22-cv-00857, 2023 WL 2333304, at *6 (E.D. Va. Mar. 1, 2023); *Tullgren v. Booz Allen Hamilton*, No. 22-cv-00856, 2023 WL 2307615, at *6 (E.D. Va. Mar. 1, 2023).  The Opposition's cases are distinguishable because they involve *more* than just allegations of underperformance—allegations entirely missing here.  Plaintiffs' conclusory assertion that Defendants violated the Plan's Investment Policy Statement ("IPS") does not save their claim.

**Second,** Plaintiffs' Opposition does nothing to rehabilitate the Amended Complaint's failure to identify apt benchmarks for evaluating performance.  Instead, Plaintiffs attempt to sidestep their pleading burden by arguing the Court should not consider whether their proposed

1

comparator funds are meaningful benchmarks.  They are wrong, as this Court—and every Court

of Appeals to have considered this issue—has held.  *See Kendall v. Pharm. Prod. Dev., LLC*, No.

20-cv-71, 2021 WL 1231415, at \*4, \*6 (E.D.N.C. Mar. 31, 2021).[1]

Finally, Plaintiffs lack Article III standing to challenge the Investor Fund because neither

Plaintiff invested in it.  The Opposition's case law does not require a different conclusion.

## II.     ARGUMENT

### A.     Allegations That Defendants Selected Underperforming Investments Do Not Support an Inference That the Fiduciary Process Was Flawed.

#### 1.     The Court Cannot Infer Imprudence Based on Alleged Underperformance Alone.

In assessing an ERISA fiduciary-breach claim, courts must apply a careful, "context-

specific" scrutiny of a complaint's allegations.  *Hughes v. Nw. Univ.*, 595 U.S. 170, 173 (2022).

Plaintiffs try to shirk their burden while suggesting that "Defendants ask this Court to apply an

improperly heightened pleading standard."  Opp. at 1-2.  That is not true.  Applying the typical

*Iqbal/Twombly* pleading standards—while "giv[ing] due regard to the range of reasonable

judgments a fiduciary may make"—courts in the Fourth Circuit and elsewhere have dismissed

materially identical claims challenging investment options under the Supreme Court's pleading

standard in *Hughes*.  *See Tullgren*, 2023 WL 2307615, at \*4-5 (quoting *Hughes*, 595 U.S. at 177).

As Defendants explained (Mem. at 11-14), "[i]t is uniformly recognized imprudence

cannot be inferred based solely on allegations identifying the existence of . . . better performing

alternative funds."  *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1154 n.15 (10th Cir. 2023)

(collecting cases).  In both *Hall* and *Tullgren,* for example, plaintiffs claimed a suite of BlackRock

TDFs were "significantly worse performing" than four alternatives.  The court dismissed both

---

[1] The Court should dismiss Plaintiffs' failure-to-monitor claim against SAS and the Board in Count II because it is derivative of their fiduciary-breach claim in Count I, and fails along with it.  *See Hall*, 2023 WL 2333304, at \*8 (dismissing similar claims for that reason); *Tullgren*, 2023 WL 2307615, at \*8 (same).

complaints, reasoning the mere fact "[t]hat the BlackRock TDFs were allegedly outperformed by some other TDFs at some points during a three- or five-year window, without more, does not suggest that offering the BlackRock TDFs fell outside the 'range of reasonable judgments' that fiduciaries may make." *Hall*, 2023 WL 2333304, at *5-6; *Tullgren*, 2023 WL 2307615, at *5-6.[2]

Plaintiffs do not dispute the principle articulated in *Hall* and *Tullgren*. Nor could they. The very case law cited in the Opposition shows a plaintiff must allege *more* than just poor performance to plausibly state a claim—i.e., some additional indicia of imprudence. For example, in *In re Sutter Health ERISA Litigation*, No. 20-cv-01007, 2023 WL 1868865 (E.D. Cal. Feb. 9, 2023) (Opp. at 21), the plaintiffs alleged the defendants breached their fiduciary duties by maintaining as plan investments a suite of Fidelity Freedom Fund target-date funds. *Id.* at *2. While the plaintiffs challenged the Fidelity Freedom Funds' performance, they *also* alleged the fund suite "saw a substantial outflow of investment capital . . . and received media scrutiny of its frequent strategy shifts, poor performance, and risk." *Id.* at *9 ("suite suffered more than $20 billion in capital outflows over an approximately five-year period"). The court concluded that "[c]orroboration such as this raises [p]laintiffs' concerns above the bar of mere speculation." *Id.*

That sort of corroborative allegation is absent from the Amended Complaint. Instead, Plaintiffs simply ignore all the *positive* market data related to the challenged funds. For example, Morningstar reported that the JPM TDFs ranked in the "top 10" among TDFs for *net inflows* and had *$41 billion* in assets in 2021. *See* Mem. at 22. Similarly, the Investor Fund had *$139.4 billion*

---

[2] Many other courts have rejected nearly identical challenges. *See, e.g.*, *Baird v. Steel Dynamics, Inc.*, No. 23-cv-356, 2024 WL 3983741, at *5 (N.D. Ind. Aug. 29, 2024); *Beldock v. Microsoft Corp.*, No. 22-cv-1082, 2023 WL 3058016, at *3 (W.D. Wash. Apr. 24, 2023); *Antoine v. Marsh & McLennan Cos., Inc.*, No. 22- cv-6637, 2023 WL 6386005, at *9-11 (S.D.N.Y. Sept. 30, 2023); *Bracalente v. Cisco Sys., Inc.*, No. 5:22-cv-04417, 2023 WL 5184138, at *4 (N.D. Cal. Aug. 11, 2023) ("*Bracalente I*"); *Bracalente v. Cisco Sys., Inc.*, No. 22-cv-04417, 2024 WL 2274523, at *11 (N.D. Cal. May 20, 2024) ("*Bracalente II*"); *Partida v. Schenker, Inc.*, No. 22-cv-09192, 2024 WL 1354432, at *7 (N.D. Cal. Mar. 29, 2024); *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp. 3d 1133, 1147 (N.D. Cal. 2022) ("*Anderson II*"); *Phillips v. Cobham Advanced Elec. Sols.*, No. 23-cv-03785, 2024 WL 3228097, at *8 (N.D. Cal. June 28, 2024).

in assets—significantly more assets than any of the proposed comparators. *Id*. at 28. Morningstar awarded the JPM TDFs its highest "Gold" rating in both 2020 and 2021 and the Investor Fund a "Silver" rating. *Id.* at 22, 28. Plaintiffs ask the Court to close its eyes to these factors, but that would be inconsistent with both the "holistic" analysis that Plaintiffs recognize is required to assess the plausibility of their claims (Opp. at 7), as well as the case law they cite.[3]

### 2.    *Allegations About the Plan's IPS Do Not Save Plaintiffs' Claims.*

Plaintiffs insist they allege more than just underperformance by asserting Defendants violated the Plan's IPS. *See* Opp. at 24. On that basis, Plaintiffs contend this case is more like *Trauernicht v. Genworth Financial Inc.,* No. 22-cv-532, 2023 WL 5961651 (E.D. Va. Sept. 13, 2023), than *Hall* or *Tullgren. Id.* at 20-21. But in *Trauernicht*, the plaintiffs alleged *specific* process breaches based on fact discovery that included fiduciary committee meeting minutes that allegedly showed the plan's committee did not regularly discuss the BlackRock TDFs' performance or assess the funds' performance relative to benchmarks stated in the IPS, which included some of the same comparative benchmarks alleged by the plaintiffs. *See* Ex. 1, SAC at ¶¶ 36, 37, 40, 49, 50 n.17, 53, 54, 84, 86; *Trauernicht*, 2023 WL 5961651, at *8-11.

Plaintiffs do not (and could not) make the same allegations here. To start, the parties have exchanged no discovery and Plaintiffs offer no allegations about the actual *process* Defendants

---

[3] Plaintiffs' own cases show they must plead more than just underperformance to survive dismissal. *See, e.g*., *Miller v. Astellas US LLC,* No. 20-cv-3882, 2021 WL 1387948 (N.D. Ill. Apr. 13, 2021) (denying dismissal where plaintiff alleged investment consultant selected exclusively proprietary funds); *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, 563 F. Supp. 3d 678, 690 (E.D. Mich. 2021) (plaintiff alleged "failure to enroll in lower-cost share classes, failure to select lower-cost alternative funds, and failure to get rid of underperforming funds."); *Reetz v. Lowe's Cos.*, 18-cv-75, 2019 WL 4233616, at *6 (W.D.N.C. Sept. 6, 2019) (denying dismissal based on plaintiff's "combine[d]" allegations of funds' underperformance, limited track record, and "novel" investment strategy); *Russell v. Illinois Tool Works, Inc.*, No. 22-cv-2492, 2024 WL 2892837 (N.D. Ill. June 10, 2024) (allegations that defendants "created" target-date funds that "lacked appropriate professional fund managers to insure performance similar to commercially available options."); *Thomson v. Caesars Holdings Inc.*, 661 F. Supp. 3d 1043 (D. Nev. 2023) (allegations that defendants selected underperforming "proprietary investments" "over objectively better alternatives").

4

used to select and monitor the challenged funds. Further, the Plan's IPS does not identify benchmarks for the JPM TDFs, much less mandate that Defendants use the same comparators alleged by Plaintiffs. Nor does the IPS require the Plan fiduciaries to remove the JPM TDFs or Investor Fund based on the modest underperformance alleged in the Amended Complaint. *See* Mem. at 23. In short, Plaintiffs' allegation that Defendants violated the IPS are less like the allegations in *Trauernicht*, and more like the conclusory allegations rejected by other courts. *See, e.g.*, *Bracalente II*, 2024 WL 2274523, at *6-7.

### 3. Plaintiffs' Additional Performance Metrics Do Not Save Their Claims.

Plaintiffs argue their underperformance allegations are sufficient because they rely on several "Modern Portfolio Theory" factors—namely "Returns," "Beta," "Standard Deviation," and "Sharpe Ratio." *See* Opp. at 21-22; FAC ¶ 86. The Amended Complaint acknowledges these factors measure a fund's *performance* in different ways, including variation of returns over time (standard deviation) and historical risk-adjusted performance (Sharpe ratio). *Id.* The Opposition also acknowledges that courts have held that using Sharpe ratios and Beta alone does not cure the fundamental problem in relying on past performance to create an inference of imprudence. Opp. at 22; *see Bracalente I*, 2023 WL 5184138, at *5 (citing *Hall*, 2023 WL 2333304, at *6; *Beldock*, 2023 WL 3058016, at *3); *see also Phillips*, 2024 WL 3228097, at *8.

Plaintiffs contend their allegations are somehow different because rather than relying on one Modern Portfolio Theory factor, they invoke "the entire MPT package[.]" Opp. at 22. This makes no sense. If providing a single metric describing a fund's performance does not render an imprudence claim plausible, then providing three or four "additional measurements of investment performance" will not do so either. *Hall*, 2023 WL 2333304, at *6; *Tullgren*, 2023 WL 2307615, at *6. No matter how many "metrics" Plaintiffs use, they still rely on a theory of underperformance that cannot support an imprudence claim. The Opposition's contention that Modern Portfolio

Theory factors are considered by the investment community and the Department of Labor changes nothing, as the factors are just another way to measure a fund's performance. *See* Opp. at 22.

**4. The JPM TDFs and Investor Fund Did Not Perform Poorly by Plaintiffs' Own Standards.**

Finally, Defendants explained that the Amended Complaint does not allege that the JPM TDFs or Investor Fund suffered the sort of "persistent" and "material" underperformance that might support an imprudence claim. *See* Mem. at 19-23. 27-29.

For the JPM TDFs, Plaintiffs concede the Amended Complaint relies almost entirely on the performance of a single vintage of JPM TDFs, while a single chart includes "Modern Portfolio Theory" statistics for two other vintages. Opp.at 19. The Opposition points to more "data and graphs" in "Appendix A," but contends the data "requires expert opinion." *Id.* at 20. Plaintiffs cannot claim the JPM TDFs are imprudent investments based on non-existent expert testimony that is not contained in the Amended Complaint. Rather, Plaintiffs must plead "*sufficient factual matter . . .* to state a claim to relief that is *plausible on its face*." *Speaks v. U.S. Tobacco Coop., Inc.*, 486 F. Supp. 3d 974, 980 (E.D.N.C. 2020), *aff'd*, 31 F.4th 838 (4th Cir. 2022) (emphasis added). Plaintiffs fail to do so merely by pointing to "colorful charts" without alleging "specific facts in support of [their] allegation[s]." *Copperstone v. TCSI Corp.*, No. 97-cv-3495, 1999 WL 33295869, at *12 (N.D. Cal. Jan. 19, 1999). Plaintiffs also do not deny Appendix A shows that most vintages of the JPM TDFs typically were no more than 1% to 2% below the Comparator TDFs' annualized returns—and often *above* Plaintiffs' chosen index. Nor do they deny the Amended Complaint's Modern Portfolio Theory metrics show the JPM TDFs routinely outperforming certain Comparator TDFs.

Likewise, Plaintiffs do not dispute that the Investor Fund outperformed both its category average and index in 2022 and 2023, ranking in the 37th and 26th percentiles respectively. And Plaintiffs' own Modern Portfolio Theory metrics show the Investor Fund performed at least as

6

well as the "large blend" category in terms of "Beta" and "Sharpe ratio" during the cited three-year period, and better than at least one of the three Comparators in terms of "Beta." FAC ¶ 95.

Courts routinely refuse to infer imprudence from the sort of modest, short-term underperformance alleged here. *See Abel v. CMFG Life Ins. Co.*, No. 22-cv-449, 2024 WL 307489, at *5 (W.D. Wis. Jan. 26, 2024) (collecting cases where underperformance was found immaterial due to differences in annual returns of 5% or less). Indeed, Plaintiffs' own case law does not say otherwise. *See, e.g.*, *Snyder v. UnitedHealth Grp., Inc.*, No. 21-cv-1049, 2021 WL 5745852, at *3 (D. Minn. Dec. 2, 2021) (finding allegations Wells Fargo TDFs' performance "ranged from -6.62% to -19.68% less than the other comparators" supported claim) (Opp. at 10). As a court confirmed only weeks ago, "[w]ithout a showing of material underperformance, all Plaintiffs show is that certain investments, in hindsight, performed better than the Challenged Funds, which does not speak to fiduciary process." *Baird*, 2024 WL 3983741, at *5.

**B.      Plaintiffs' Failure to Proffer Meaningful Benchmarks Mandates Dismissal.**

Plaintiffs also fail to state a claim because they do not plausibly allege their proposed comparators are "meaningful benchmarks" for the JPM TDFs or the Investor Fund.

Plaintiffs suggest that determining an appropriate benchmark is not a question properly resolved at the motion-to-dismiss stage. Opp. at 8. That argument cannot be reconciled with this Court's opinion—and the opinion of every Circuit Court to consider the question—that "[t]o show that a prudent fiduciary in like circumstances would have made a different decision" about a plan investment option, "plaintiffs must provide a 'meaningful benchmark' for comparison." *Kendall*, 2021 WL 1231415, at *6 (quoting *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018)).[4] Plaintiffs make no effort to address this case law, and simply ask the Court to ignore it.

---

[4] *See Smith v. CommonSpirit Health*, 37 F.4th 1160, 1166 (6th Cir. 2022); *Albert v. Oshkosh Corp.*, 47 F.4th 570, 581 (7th Cir. 2022), *reh'g denied*, No. 21-2789, 2022 WL 4372363 (7th Cir. Sept. 21, 2022); *Meiners*, 898 F.3d at 822; *Davis v. Salesforce.com, Inc.*, No. 21-cv-15867, 2022 WL 1055557, at *2 n.1 (9th Cir.

But Plaintiffs cannot sidestep their obligation to plead their proposed comparators have materially similar investment strategies, styles, risk profiles, and asset allocations as the JPM TDFs and Investor Fund, as required to constitute "meaningful benchmarks."

Plaintiffs argue they are not required to allege that level of detail based on *Trauernicht*. *See* Opp. at 9, 13. But that case was unique: the defendants' own IPS provided benchmarks and other criteria for assessing the challenged BlackRock TDFs, and the plaintiffs proffered some of those same benchmarks in their complaint. *See Trauernicht*, 2023 WL 5961651, at \*12-14. The court found the plaintiffs had sufficiently pleaded meaningful benchmarks for the challenged funds "based on *[defendants'] own criteria* described in the IPS." *Id.* (emphasis added). That is not the case here. Plaintiffs should not be excused from satisfying their "challenging" pleading burden of establishing a sound basis for comparison. *Kendall*, 2021 WL 1231415, at \*4, \*6.

As courts in this Circuit have held, to provide meaningful benchmarks for the JPM TDFs, Plaintiffs must at least allege "whether the Comparator TDFs use 'through' or 'to' retirement glidepaths; whether the Comparator TDFs invest only in actively-managed or passively-managed funds; or how the Comparator TDFs' underlying equity and bond funds are allocated among the types and categories of possible equity and bond funds." *Hall*, 2023 WL 2333304, at \*6; *Tullgren*, 2023 WL 2307615, at \*6. Likewise, to allege meaningful benchmarks for the Investor Fund, Plaintiffs must "compare sufficiently similar funds." *Kendall*, 2021 WL 1231415, at \*7. This requires pleading comparators with similar investment styles, investments, and risks. *Id.*

Plaintiffs flunk this test. To start, they allege *nothing* about the JPM TDFs or the Comparator TDFs. Plaintiffs do not dispute that unlike the JPM TDFs, all but one Comparator TDF uses a "through" strategy. Nor do Plaintiffs dispute that while the JPM TDFs use a "blend"

---

Apr. 8, 2022); *Matney*, 80 F.4th at 1148.

strategy, at least two Comparator TDFs (American Funds and T. Rowe Price) invest *only* in actively managed funds, while another (TIAA-CREF) invests *only* in passively managed funds. As a matter of law, these are not meaningful benchmarks for the JPM TDFs.[5] The "Morningstar Lifetime Moderate Index" is also not an appropriate comparator for the JPM TDFs because it suffers from the same problems as the other Comparator TDFs.[6]

Plaintiffs also do not plead meaningful benchmarks for the Investor Fund, which uses a multi-manager structure to invest in growth stocks with a history of paying dividends. Mem. at 26. Because Plaintiffs say nothing about the Investor Fund Comparators, let alone allege that any of them use similar investment strategies or hold similar underlying investments, Plaintiffs fail to allege meaningful benchmarks.[7] At most, Plaintiffs say the Investor Fund Comparators are suitable because they all belong to the same Morningstar "Large Blend Category," a category that contains "more than 1,000 funds in any given year." FAC ¶¶ 90-92. But adopting this theory would eviscerate the requirement that Plaintiffs identify "meaningful" benchmarks because *any* "large blend" fund would suffice. That is not the law. *See Baird*, 2024 WL 3983741, at *4-5

---

[5] *See, e.g., Matney*, 80 F.4th at 1154 n.14 (affirming dismissal where TDFs used "to retirement" strategy, while comparator TDFs used "through" glidepath); *CommonSpirit*, 37 F.4th at 1167 (TDFs with "distinct goals and distinct strategies" are "inapt comparators"); *Hall*, 2023 WL 2333304, at *6 (same); *Tullgren*, 2023 WL 2307615, at *6 (same); *Johnson v. Parker-Hannifin Corp.*, No. 21-cv-00256, 2023 WL 8374525, at *1 (N.D. Ohio Dec. 4, 2023), *appeal filed*, No. 24-3014 (6th Cir. Jan. 4, 2024) (same); *Kendall*, 2021 WL 1231415, at *9 ("actively- and passively-managed funds" are not meaningful benchmarks.) (citations omitted); *Bracalente II*, 2024 WL 2274523, at *8 (same); *Partida*, 2024 WL 1354432, at *8 (same).

[6] *See, e.g.*, *In re LinkedIn ERISA Litig.*, No. 20-cv-05704, 2021 WL 5331448, at *9 (N.D. Cal. Nov. 16, 2021) (dismissing claim based on comparison to index); *Hall*, 2023 WL 2333304, at *7 (same); *Tullgren*, 2023 WL 2307615, at *7 (same).

[7] As Defendants explained, public sources confirm that the Investor Fund and Plaintiffs' comparators have materially different strategies, holdings, and equity allocations. *See* Mem. at 26-27. Plaintiffs incorrectly assert the Court cannot consider these public sources, ignoring that courts routinely consider similar documents in resolving motions to dismiss ERISA claims. *See, e.g.*, *Hall*, 2023 WL 2333304, at *6 & n.5 (relying on publicly available investment documents and reports); *Tullgren*, 2023 WL 2307615, at *6 & n.4 (same); *CommonSpirit*, 37 F.4th at 1168 (district court properly considered fund-related data "because it was central to [plaintiff's] claim, publicly available, and judicially noticeable"); *Meiners*, 898 F.3d at 823 (district court properly considered fund prospectuses). In any event, the Court need not consider these documents in order to determine Plaintiffs fail to plead meaningful benchmarks for the Investor Fund.

9

(dismissing claim comparing funds to alternatives "within the same Morningstar Categories").

Finally, Plaintiffs suggest "MPT does account for similar risks, strategies, and underlying holdings of the comparator funds." Opp. at 10. But these performance metrics are not magic wands that equalize any two investments as meaningful benchmarks. At most, they offer a different lens through which to compare the same flawed comparators. *See Hall*, 2023 WL 2333304, at *7 (metrics "cannot substitute making two funds comparable in the first place."); *see Meiners*, 898 F.3d at 823; *Anderson v. Intel Corp.*, No. 19-cv-04618-LHK, 2021 WL 229235, at *8 (N.D. Cal. Jan. 21, 2021) ("*Anderson I*"), *appeal filed*, No. 22-16268 (9th Cir. Aug. 22, 2022); *CommonSpirit*, 37 F.4th at 1167; *Bracalente II*, 2024 WL 2274523, at *11.

### C. Plaintiffs Do Not Have Standing to Challenge the Investor Fund.

The Opposition confirms neither Plaintiff invested in the Investor Fund. *See* Opp. at 24. By definition, neither Plaintiff suffered any injury (concrete or otherwise) as a result of its being offered in the Plan; and neither will recover a single penny even if successful. Plaintiffs try to skirt Article III's prerequisites, arguing they are permitted to sue in a representative capacity on behalf of the Plan. Opp. at 24. But "[t]here is no ERISA exception to Article III." *Thole v. U. S. Bank N. A.*, 590 U.S. 538, 547 (2020). Thus, courts within this Circuit dismiss fiduciary-breach claims where the plaintiff did not invest in challenged funds. *See, e.g.*, *Davis v. Old Dominion Freight Line, Inc.*, No. 22-cv-990, 2023 WL 5751524, at *6 (M.D.N.C. Sept. 6, 2023).

The cases Plaintiffs cite are different. At most, they hold that a plaintiff may have standing to challenge funds she did not select, so long as the funds she did hold are sufficiently related such that the claim "implicates the same set of concerns." For example, in *Leber v. Citigroup 401(k) Plan Inv Comm*, 323 F.R.D. 145, 155 (S.D.N.Y. 2017), the plaintiffs invested in a subset of nine "affiliated funds," which they claimed had all been chosen using the same flawed process and for the same purpose. Here, Plaintiffs' challenge to the JPM TDFs is distinct from the Investor Fund.

## III. CONCLUSION

For the reasons above, the Court should dismiss the Amended Complaint, with prejudice.

Dated:  September 20, 2024

Respectfully submitted,

*/s/  Deborah S. Davidson*
Deborah S. Davidson

WOMBLE BOND DICKINSON (US) LLP

MORGAN, LEWIS & BOCKIUS LLP

Pressly M. Millen (NC Bar No. 16178)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Phone:  1.919.755.2135
Fax:  1.919.755.6067
press.millen@wbd-us.com

Deborah S. Davidson
Matthew A. Russell
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Phone:  1.312.324.1000
Fax:  1.312.324.1001
deborah.davidson@morganlewis.com
matthew.russell@morganlewis.com

Jared R. Killeen
2222 Market Street
Philadelphia, PA 19103
Phone:  1.215.963.5478
Fax:  1.215.963.5001
jared.killeen@morganlewis.com

*Attorneys for Defendants*